## MATTER OF STOUT

### In Section 245 Proceedings

### A–12083668

*Decided by District Director May 26, 1967*

An applicant for adjustment of status pursuant to section 245 of the Immigra‑
tion and Nationality Act, as amended, who is a nonpreference immigrant
alien who is an employee of a foreign embassy in the United States (section
101(a)(15)(A)(ii) of the Act) and who intends to continue such employment,
is subject to the labor certification requirement of section 212(a)(14) of the
Act.

The applicant is a 65-year-old widow, a native of England and
citizen of Canada, who was admitted to the United States as a tem-
porary visitor on June 4, 1960. After admission her nonimmigrant
status was changed to that of an employee of a foreign government
under section 101(a)(15)(A)(ii) of the Immigration and Nationality
Act. From July 1960 to April 1962, she was employed as a clerk-typist
by the British Embassy, Washington, D.C., and since that time she
has been employed in the same capacity by the Canadian Embassy,
Washington, D.C. She has applied for permanent residence status
under section 245 of the Act as a nonpreference immigrant alien. No
certification under section 212(a)(14) of the Act was submitted with
the application. Nevertheless, the application was accepted pending a
determination as to whether she was exempt from the requirements
of that section on the basis of her foreign government employee
status, which she expected to continue.

Among the classes of aliens who are excludable from admission to
the United States is the class of aliens described in section 212(a)(14),
as amended by the Act of October 3, 1965, which reads in pertinent
part: "Aliens seeking to enter the United States, for the purpose of
performing skilled or unskilled labor, unless the Secretary of Labor
has determined and certified to the Secretary of State and to the At-
torney General that (A) there are not sufficient workers in the United
States who are able, willing, qualified, and available at the time of ap-
plication for a visa and admission to the United States and at the

place to which the alien is destined to perform such skilled or unskilled labor, and (B) the employment of such aliens will not adversely affect the wages and working conditions of the workers in the United States similarly employed. The exclusion of aliens under this paragraph shall apply to . . . nonpreference immigrant aliens described in section 203(a) (8)."

The Act fails to exempt specifically from the labor certification requirement those persons who are employed by foreign governments. However, in view of the limited locale of most such employment, the fact that salary and working conditions are not normally related to similar jobs in industry, even in the same general area, and that often the prospective employee must have the nationality of the employing government or at least not be a citizen of the United States, the question of the applicability of section 212(a) (14) to aliens seeking status as lawful permanent residents for the purpose of engaging or continuing such employment was presented to the Department of Labor for consideration.

Noting that such aliens may continue to engage in the work in question as nonimmigrant aliens and after full consideration of the factors involved, the Administrator of the Bureau of Employment Security of the Department of Labor advised that the certification requirements should apply to employees of embassies seeking permanent residence status. We agree.

· Subsequently, on April 19, 1967, an appropriate certification by the Department of Labor covering the position was issued. The applicant has complied with the requirements of section 212(a) (14). She has also filed a written waiver, pursuant to section 247(b) of the Act and as required by section 245.1(c), Title 8, Code of Federal Regulations, of the rights, privileges, exemptions and immunities which would otherwise accrue to her by reason of her employment by a foreign government. She has been found to be admissible to the United States for permanent residence and eligible in every respect to receive an immigrant visa. Such a visa is immediately available. It is concluded that the applicant is eligible, statutorily and as a matter of discretion, for the status which she seeks.

ORDER: It is ordered that the application for status as a permanent resident be and the same is hereby granted.